1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  DOUGLAS DANIEL SIMON,                    1:13-cv-00286-BAM (HC)

10              Petitioner,                 ORDER DISMISSING PETITION FOR WRIT
                                            OF HABEAS CORPUS WITH LEAVE TO
11        v.                                FILE A FIRST AMENDED PETITION

12                                          [ECF No. 1]
   RALPH M. DIAZ,
13
                   Respondent.
14  _____/

15

16        Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

17  U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of

    the United States magistrate judge.  Local Rule 305(b).
18
19        On February 27, 2013, Petitioner filed a petition for writ of habeas corpus.  He

20  claims that in connection with his 2000 petition for writ of habeas corpus concerning his parole,

    the state court failed to advise him of the appropriate law to cite to succeed on his claim.  It
21
22  appears that Petitioner also challenges the denial of the parole by the Board of Parole Hearings.

                                        **DISCUSSION**
23
24        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

25  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

    plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the
26
27  Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

28  A petition for habeas corpus should not be dismissed without leave to amend unless it appears

                                            1

that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440

F.2d 13, 14 (9th Cir. 1971).

Where a petitioner files his federal habeas petition after the effective date of the Anti-

Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that

the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "Federal habeas relief may not be granted for claims subject to § 2254(d)

unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly

established in the holdings of [the Supreme] Court."  Harrington v. Richter, __ U.S. __, 131 S.Ct.

770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412

(2000).  Habeas relief is also available if the state court's decision "involved an unreasonable

application" of clearly established federal law, or "was based on an unreasonable determination

of the facts" in light of the record before the state court.  Richter, 131 S.Ct. 785 (citing 28 U.S.C.

§ 2254(d)(1), (d)(2)).  "[C]learly established ... as determined by" the Supreme Court "refers to

the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant

state-court decision."  Williams v. Taylor, 529 U.S. at 412.

I.      Failure to State a Cognizable Claim

The Federal Constitution does not create a right to be conditionally released prior to the

expiration of a valid sentence.  However, "a state's statutory scheme, if it uses mandatory

language, 'creates a presumption that parole release will be granted' when or unless certain

designated findings are made, and thereby gives rise to a constitutional liberty interest."

Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979).  California's parole statutes allow

for release on parole unless there is "some evidence" of the inmate's current dangerousness.  In

re Lawrence, 44 Cal.4th 1181, 1205-1206 (2008).  In Swarthout v. Cooke, __ U.S. __, 131 S.Ct.

859 (2011) the United States Supreme Court held that "[n]o opinion of [theirs] supports

converting California's 'some evidence' rule into a substantive federal requirement." <u>Swarthout</u>, 131 S.Ct at 862. Therefore, federal courts are precluded from reviewing the sufficiency of the evidence to support the parole board's decision. <u>Id</u>. Rather, this Court review of parole determinations is limited to whether the "minimal" procedural protections set forth in <u>Greenholtz</u> were meet, that is "an opportunity to be heard and a statement of the reasons why parole was denied." <u>Id</u>. at 862.

In light of the Supreme Court's holding in <u>Swarthout</u>, unless Petitioner can show that he was not afforded the "minimal" due process protections set forth in <u>Greenholtz</u>, there is no cognizable challenge to the parole decision. In order for this Court to determine the validity of any procedural challenge, Petitioner is directed to submit a copy of the transcript of the challenged hearing.

II.    <u>Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on February 27, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner appears to be challenging a 2000 decision to deny parole by the Board of Parole Hearings. The statute of limitations for such challenge begins to run on the date when the factual predicate of the claim could have been discovered through the exercise of due diligence. Because the instant petition was filed 13 years after the rendering of the 2000 decision, any challenge to such decision appears to be untimely. Thus, Petitioner will be ordered to show cause why the instant petition is not untimely, assuming he can even raise a cognizable federal challenge to the 2000 parole decision.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is hereby DISMISSED;

2. Petitioner is GRANTED thirty (30) days from the date of service of this order to file a first amended petition in compliance with this order. The amended petition should be titled "First Amended Petition" and must reference the instant case number referenced in the caption;

3. The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254; and

4. Failure to comply with this order will result in dismissal of the action for failure to comply with a court order pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **March 12, 2013**          **/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE

4