# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS DANIEL SIMON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RALPH M. DIAZ,<br><br>　　　　　Respondent. | 1:13-cv-00286-BAM (HC)<br><br>ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[ECF No. 6] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on February 27, 2013.  On March 13, 2013, the petition was dismissed with leave to amend for failure to state a cognizable claim.  Now pending before the Court is Petitioner's first amended petition filed on April 1, 2013.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears

that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

I.  Failure to State a Cognizable Claim

The Federal Constitution does not create a right to be conditionally released prior to the expiration of a valid sentence. However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979). California's parole statutes allow for release on parole unless there is "some evidence" of the inmates current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-1206 (2008). In Swarthout v. Cooke, __ U.S. __, 131 S.Ct. 859 (2011), the United States Supreme Court held that "[n]o opinion of [theirs] supports

1  converting California's 'some evidence' rule into a substantive federal requirement." Swarthout,
2  131 S.Ct at 862.  Therefore, federal courts are precluded from reviewing the sufficiency of the
3  evidence to support the parole board's decision. Id. Rather, this Court review of parole
4  determinations is limited to whether the "minimal" procedural protections set forth in Greenholtz
5  were meet, that is "an opportunity to be heard and a statement of the reasons why parole was
6  denied." Id. at 862.

7  In light of the Supreme Court's holding in Swarthout, unless Petitioner can show that he
8  was not afforded the "minimal" due process protections set forth in Greenholtz, there is no
9  cognizable challenge to the parole decision.  In this instance, Petitioner makes no challenge to the
10 procedures utilized during his 2000 parole hearing.  Petitioner does not set forth any allegations
11 concerning his attendance at the parole hearing, the ability to be heard, or receipt of the
12 statements of the reasons parole was denied.  Accordingly, Petitioner fails to point to a real
13 possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442
14 U.S. 1, and the petition for writ of habeas corpus must be dismissed.  In addition, Petitioner's
15 claim that the court did not advise him of the appropriate law to cite to win his claim does not
16 raise a constitutional violation.  Harrington v. Richter, 131 S.Ct. at 785 (citing 28 U.S.C. §
17 2254(d)(1) and Williams v. Taylor, 539 U.S. at 412.  Thus, the first amended petition for writ of
18 habeas corpus must be dismissed for failure to state a cognizable claim.

19        II.     Certificate of Appealability

20        Rule 11(a) of the Rules Governing Section 2254 cases requires the district court to issue
21 or deny a certificate of appealability when it enters a final order adverse to the petitioner.  The
22 requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that
23 protects the Court of Appeals from having to devote resources to frivolous issues, while at the
24 same time affording petitioners an opportunity to persuade the Court that, through full briefing
25 and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022,
26 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute
27 entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in
28 ///

certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief. Accordingly, the Court declines to issue a certificate of appealability.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The first amended petition for writ of habeas corpus be DISMISSED;

2. The Clerk of Court be directed to terminate this action; and

3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 18, 2013**                    **/s/ Barbara A. McAuliffe**
                                                        UNITED STATES MAGISTRATE JUDGE